RECEIVED
IN LAKE CHARLES, LA
JUN - 7 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20038 |
| VS. | : | JUDGE MINALDI |
| ANTHONY QUINN COLEMAN | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

This matter has been remanded by the Fifth Circuit Court of Appeals. On appeal of his sentence, the defendant argued that this court impermissibly departed from the applicable guideline range. Finding that the District Court failed to articulate sufficient reasons to justify an upward departure, the sentence was vacated and remanded for resentencing.

At resentencing, the court will again upwardly depart because, even though the defendant has scored sufficient criminal history points to place him in category VI, even the highest category seriously under-represents the seriousness of the defendant's criminal history.[1] Coleman's criminal history scored a total of 14 points, based on 6 prior felonies. 11 prior felony and misdemeanor convictions were not included because of the age of the offense or because the offense reports were unavailable. Five intervening arrests were not considered. The defendant has continuously run afoul of the law since he was 20 years old in 1980. The state courts have treated Coleman with unearned leniency when fashioning punishment for a long series of prior convictions.

Although the majority of the defendant's prior convictions were for thefts and burglaries, he

---

[1] *E.g., United States v. Gonzales-Ortega,* 346 F.3d 800, 802 (8th Cir.2003); *United States v. Aguilar-Lopez,* 329 F.3d 960, 963 (8th Cir.2003).

has once been convicted of simple battery and twice been convicted of burglary of an inhabited dwelling. His is not a violence-free record and in the offense of conviction in this instance black male was observed on surveillance tapes throwing a brick through the glass door of Albertson's Fuel Center on Country Club Road in Lake Charles. He and another suspect stole alcohol and cigarettes. Later that same morning, the police responded to a call of a black male walking on Country Club Road with a shotgun. Upon arrival, the officers encountered the defendant, who matched the description of the black male suspect who had burglarized the Albertson's Fuel Center earlier that morning. He admitted to the burglary and advised the police of the identities of the other men who were with him during the burglary. Coleman told the officers where the other men could be located and when the officers arrived at the residence, they found that one of the men identified by Coleman, Brandon Bass, was the son of the gun owner, Mr. Gerald Hollier. Officers learned at that time that a 12 guage shotgun belonging to Mr. Hollier was missing from the residence. This was the same shotgun found in Coleman's possession. Coleman said that he bought the gun from Danny Jay, another of the men who allegedly took part in the burglary of Albertson's Fuel Center, but the stories given by all the parties differ significantly. Coleman admitted that he had been drinking heavily that night and that he did not remember much about what had happened. He also admitted that he knew that he was prohibited from possessing a firearm.

Accordingly, based upon the defendant's continuous criminal involvement for the past 27 years and the fact that his criminal history score seriously misrepresents his criminal history, an

upward departure of 42 months is justified.

Lake Charles, Louisiana, this ____ day of ____June____, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE