RECEIVED
IN LAKE CHARLES, LA

SEP 1 0 2009
Pam
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | * | CR. NO. 05-20038-01 |
|---|---|---|
| | * | CIVIL NO. 09-1103 |
| VERSUS | * | |
| | * | JUDGE MINALDI |
| ANTHONY Q. COLEMAN | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 filed by the defendant, Anthony Q. Coleman ("Coleman")(doc. 48). The Government filed an Opposition (doc. 54). The defendant did not file a reply.

## PROCEDURAL HISTORY

On June 29, 2005, the defendant pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 17). On February 3, 2006, the defendant was sentenced to 120 months imprisonment. Upon release from imprisonment, he will be placed on supervised release for three years. The judgment provides that one of the special conditions of supervised release is that the defendant "shall attend at least two NA/AA meetings per week for the first six months of supervised release and thereafter as instructed by the Probation Office." (Doc. 22).

On January 3, 2007, the United States Court of Appeals for the Fifth Circuit remanded the matter for the Court to articulate sufficient reasons to justify an upward departure. (Doc. 29). The opinion and the docket sheet of the Fifth Circuit, including the briefs filed by both parties, do not indicate that the conditions of supervised release were addressed by the defendant on appeal.

On June 7, 2007, the Court reimposed the original sentence and issued a memorandum ruling. (Docs. 36-37). The amended judgment indicated that the sentence was 120 months and also included the condition of supervised release that the defendant attend the NA/AA meetings. (Doc.

40). The matter was appealed again. On June 4, 2008, the Fifth Circuit affirmed the defendant's sentence. The decision was issued as mandate on June 28, 2008. (Doc. 46). The opinions and the briefs filed, which are available in the docket sheet of the United States Court of Appeals for the Fifth Circuit, do not indicate that the issue concerning the conditions of supervised release were ever raised on appeal. The defendant filed the instant motion on May 20, 2009. (Doc. 48).

FACTS

In the offense of conviction a black male was observed on surveillance tapes throwing a brick through the glass door of Albertson's Fuel Center on Country Club Road in Lake Charles. He and another suspect stole alcohol and cigarettes. Later that same morning, the police responded to a call of a black male walking on Country Club Road with a shotgun. Upon arrival, the officers encountered the defendant, who matched the description of the black male suspect who had burglarized the Albertson's Fuel Center earlier that morning. He admitted to the burglary and advised the police of the identities of the other men who were with him during the burglary. Coleman told the officers where the other men could be located and when the officers arrived at the residence, they found that one of the men identified by Coleman. Brandon Bass, was the son of the gun owner, Mr. Gerald Hollier. Officers learned at that time that a 12 guage shotgun belonging to Mr. Hollier was missing from the residence. This was the same shotgun found in Coleman's possession. Coleman said that he bought the gun from Danny Jay, another of the men who allegedly took part in the burglary of Albertson's Fuel Center, but the stories given by all the parties differ significantly. Coleman admitted that he had been drinking heavily that night and that he did not remember much about what had happened. He also admitted that he knew that he was prohibited from possessing a firearm.

Law

Coleman raises one claim in this § 2255 proceeding. Coleman argues that the court had no authority to impose as a term of supervised release the requirement that he attend AA/NA meetings. The Government argues in its Opposition that Coleman has procedurally defaulted on this claim because he did not raise it in a direct appeal.

Coleman's claim that the court had no authority to impose an allegedly unconstitutional term of supervised release is procedurally barred from review because Coleman did not raise that challenge in a direct appeal. When claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted, and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal, and actual prejudice resulting from the alleged errors. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir.1996) ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors."); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir.1996) ("When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error."); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir.1995) ( "Because a challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing both 'cause' for his procedural default and 'actual prejudice' resulting from the error."); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) ("A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude ... and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice'

resulting from the error."), *cert. denied,* 502 U.S. 1076 (1992). Alternatively, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United States,* 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only of the defendant can first demonstrate either 'cause' and actual 'prejudice' ... or that he is 'actually innocent.' "). *United States v. Watson-McKinney,* L 2583442, 2 -3 (S. D. Tex.2006).

Coleman has not made the showing required to overcome the procedural bar. Coleman filed an appeal, but did not raise this issue during the pendency of the direct appeal.[1] Coleman's claim, which was not raised in direct appeal as it should have been, is procedurally barred from review in this § 2255 proceeding. Accordingly, the §2255 motion will be denied.

Lake Charles, Louisiana, this 2 day of August, 2009.
Sept

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] This matter was appealed two times. The conditions of supervised release were not mentioned in any of the briefs.